IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01574-BNB

NATHANIEL JAMES HARVEY III,

    Plaintiff,

v.

ROGER WERHOLTZ, Deputy Director of DOC, official capacity,
LOU ARCHULETA, Head Administrative Warden, official capacity, and
OFFICER CATHERINE SEGURA, individual and official capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Nathaniel James Harvey III, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  On June 14, 2013, he filed *pro se* a Prisoner Complaint (ECF No. 1) with attachments for money damages and injunctive relief.  On June 17, 2013, he filed *pro se* an amended Prisoner Complaint (ECF No. 6) with the other attachments for money damages and injunctive relief.  Mr. Harvey has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  He also has filed two documents titled "Declaration."  ECF Nos. 4 and 5.

    The Court must construe liberally the amended Prisoner Complaint because Mr. Harvey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the

reasons stated below, Mr. Harvey will be ordered to file a second amended Prisoner Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the amended Prisoner Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Harvey's amended complaint is unnecessarily wordy. He asserts three claims for relief concerning an alleged strip search. Mr. Harvey is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two*

*Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Harvey also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Harvey should name as defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harvey must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for

3

>     conduct "arising from his or her superintendent
>     responsibilities," the plaintiff must plausibly plead and
>     eventually prove not only that the official's subordinates
>     violated the Constitution, but that the official by virtue of his
>     own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Harvey may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Harvey uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court must be double-spaced, legible, and have margins that are one and a half inches at the top and one inch at the left, right, and bottom. *See* D.C.COLO.LCivR 10.1C., E., and G. Mr. Harvey's complaint and amended complaint do not have margins and, as a result, on the official electronic Court record of these filings, words are cut off. The second amended complaint Mr. Thurston will be directed to file, whether handwritten or typed, shall have appropriate margins and be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1C., E., and G.

4

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Harvey will be given an opportunity to cure the deficiencies in his amended complaint by submitting a second amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate declarations, attachments, amendments, supplements, motions, or other documents not included in the second amended complaint.  The second amended complaint also may not refer to previously filed documents, but must stand on its own.

Accordingly, it is

ORDERED that Plaintiff, Nathaniel James Harvey III, file **within thirty (30) days from the date of this order** a second amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order.  It is

FURTHER ORDERED that Mr. Harvey shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second amended complaint.  It is

FURTHER ORDERED that, if Mr. Harvey fails to file a second amended Prisoner

Complaint that complies with this order within the time allowed, the amended Prisoner Complaint and the action will be dismissed without further notice.

DATED June 25, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge