IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01574-BNB

NATHANIEL JAMES HARVEY,

    Plaintiff,

v.

ROGER WERHOLTZ, Deputy Director of DOC, official capacity,
LOU ARCHULETA, Warden, official capacity,
OFFICER CATHERINE SEGURA, Official and Individual Capacity, and
LT. BRET LANG, (Unit 4), Official Capacity,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

Plaintiff, Nathaniel James Harvey III, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On June 14, 2013, he filed *pro se* a Prisoner Complaint. [Doc. # 1]. He filed an amended Prisoner Complaint on June 17, 2013. [Doc. # 7].

On June 25, 2013, Magistrate Judge Boyd N. Boland reviewed the amended complaint and determined that it was deficient because it failed to comply with Fed. R. Civ. P. 8 and did not allege the personal participation of each named Defendant in a deprivation of Plaintiff's constitutional rights. Magistrate Judge Boland directed Mr. Harvey to file a second amended complaint within thirty days of the June 25 Order. After obtaining an extension of time, Mr. Harvey filed a second amended complaint on August 15, 2013.

Mr. Harvey has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe liberally the second amended complaint because Mr. Harvey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed, in part.

Mr. Harvey, who describes himself as a practicing Shi'ite Muslim, alleges in the second amended complaint that on January 16, 2013, Defendant Segura, a female prison guard, subjected him to a strip search in the hallway of the unit #4 office area, in the presence of Lt. Lang and another male officer. Plaintiff further alleges that defendant Segura "grabbed" his genitals during the search. Mr. Harvey asserts that it was sexually degrading and humiliating for him to be strip-searched by a female officer in an open hallway. He further alleges that Defendant Lt. Lang failed to intervene when Defendant Segura engaged in inappropriate behavior during the strip search. Mr. Harvey claims that Defendant Segura's actions during the strip search were in retaliation for his complaints about staff harassment. He further asserts that the strip search violated his religious tenets, as set forth in the Holy Qur'an.

Mr. Harvey also alleges in the second amended complaint that on February 13,

2013, Defendant Segura confiscated his kufi (religious head wear) from his property, in violation of DOC regulations, his First Amendment free exercise rights, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.* Mr. Harvey states that wearing a kufi during prayer times is part of his religious beliefs. He further asserts that other religious groups are allowed to possess and wear religious head wear. Mr. Harvey requests damages and injunctive relief.

Mr. Harvey cannot maintain his claims against Defendants Werholtz and Archuleta because he fails to allege specific facts to demonstrate each Defendant's personal participation in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the June 25 Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Harvey alleges in the second amended complaint that Defendant DOC Interim Director Werholtz and Warden Archuleta failed to respond to his written complaints about Defendant Segura's alleged misconduct and failed to adequately supervise Defendant Segura to ensure that she followed DOC regulations pertaining to strip search procedures and inmates' possession of religious head wear. Essentially, Plaintiff seeks to hold Defendants Werholtz and Archuleta liable on the basis of *respondeat superior*. This he may not do. *See Iqbal*, 556 U.S. at 676. Furthermore, the mere fact that Defendants were made aware of Plaintiff's claims in written correspondence is an insufficient basis to impose § 1983 liability. *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, Defendants Werholtz and Archuleta are improper parties to this action and will be dismissed.

The Court will not address at this time the merits of Mr. Harvey's constitutional claims against Defendants Segura and Lt. Lang. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it

is

ORDERED that Defendants Werholtz and Archuleta are DISMISSED for Plaintiff's failure to allege those Defendants' personal participation in an alleged deprivation of Mr. Harvey's constitutional rights.   It is

FURTHER ORDERED that the claims against Defendants Segura and Lang shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 [Doc. # 25] and Motion for Appointment of Counsel [on Appeal] [Doc. # 26] are DENIED as moot.  On October 23, 2013, the Circuit Court of Appeals for the Tenth Circuit dismissed Plaintiff's Notice of Appeal [Doc. # 27] for lack of jurisdiction. [*See* Doc. # 30].

DATED at Denver, Colorado, this  25th  day of      October      , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court