IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No 13-cv-01574-RBJ-BNB

NATHANIEL JAMES HARVEY, III,

Plaintiffs,

v.

CATHERINE SEGURA, in her official and individual capacity and
LT. BRENT LANG, (Unit 4), in his official capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Leave to File an Amended Complaint** [Doc. #42, filed 11/27/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff seeks leave to file a Third Amended Complaint.  He states that he named a John Doe defendant in his original complaint and has determined that the Doe defendant is Captain Kirk Katzenmeyer and Sgt. Onsby.  Neither the original Complaint nor any subsequent complaints named a Doe defendant.  To the contrary, the Second Amended Complaint named four defendants: (1) Roger Werholtz, the Deputy Director of the Department of Corrections; (2) Lou Archuleta, the warden of the prison; (3) Officer Catherine Segura; and (4) Lt. Brent Lang. [Doc. #22].  Werholtz and Archuleta were dismissed for failure to allege their personal participation [Doc. #31].  Specifically, the court stated:

> Mr. Harvey cannot maintain his claims against Defendants
> Werholtz and Archuleta because he fails to allege specific facts to
> demonstrate each Defendant's personal participation in a

deprivation of his constitutional rights.  Plaintiff was warned by Magistrate Judge Boland in the June 25 Order that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under Bivens or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Mr. Harvey alleges in the second amended complaint that Defendant DOC Interim Director Werholtz and Warden Archuleta failed to respond to his written complaints about Defendant Segura's alleged misconduct and failed to adequately supervise Defendant Segura to ensure that she followed DOC regulations pertaining to strip search procedures and inmates' possession of religious head wear.  Essentially, Plaintiff seeks to hold Defendants Werholtz and Archuleta liable on the basis of respondeat superior. This he may not do.  *See Iqbal*, 556 U.S. at 676.  Furthermore, the mere fact that Defendants were made aware of Plaintiff's claims in written correspondence is an insufficient basis to impose § 1983 liability.  *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking

>   prison official] outlining [a] complaint . . . without more, does not
>   sufficiently implicate the [supervisory official] under § 1983").
>   Accordingly, Defendants Werholtz and Archuleta are improper
>   parties to this action and will be dismissed.

*Order to Dismiss in Part and to Draw Case to District Judge and to Magistrate Judge* [Doc. #31], pp. 3-4.

In his proposed Third Amended Complaint, the plaintiff attempts to assert against Katzenmeyer and Onsby claims virtually identical to the claims dismissed against Werholtz and Archuleta. *Proposed Third Amended Complaint* [Doc. #45], Claims Three and Four. The plaintiff cannot bring his proposed claims against Katzenmeyer and Onsby for the same reasons he could not bring them against Werholtz and Archuleta.

I respectfully RECOMMEND that the Motion for Leave to File an Amended Complaint [Doc. #42] be DENIED.[1]

Dated December 4, 2013.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).