IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No 13-cv-01574-RBJ-BNB

NATHANIEL JAMES HARVEY, III,

Plaintiff,

v.

CATHERINE SEGURA, in her official and individual capacity and
LT. BRENT LANG, (Unit 4), in his official capacity,

Defendants.
_____

**ORDER**
_____

This matter arises on the following papers filed by the plaintiff on December 4, 2014 (the "Motions"), which are STRICKEN:

(1)  **Motion for Appointment of Counsel** [Doc. #116];

(2)  **Plaintiff's Motion In Limine** [Doc. #117];

(3)  **Second Request for Expert Witness** [Doc. #118]; and

(4)  **Subpoena of Mental Health File** [Doc. #119].

The Motions do not contain a certification that the plaintiff served them on counsel for the defendants.  Previously, I ordered [Doc. #62] that all filings must be served on counsel for the defendants in accordance with Rule 5 and be accompanied by a proper Certificate of Service:

> The plaintiff does not certify that he served a copy of the Motion on counsel for the defendants.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a).  "If a party is

> represented by an attorney, service under this rule must be made
> on the attorney . . . ." Fed. R. Civ. P. 5(b)(1).  Service upon other
> parties may be by mail.  Id.  Proof that service has been made is
> provided by a certificate of service.  Id. at 5(d).  Certification
> should be made in the original papers and should show the day and
> manner of service.  Id.

In addition, I warned the plaintiff that his failure to comply with that order could result in sanctions, including dismissal of this case.  Despite my order, the plaintiff filed four Motions that do not contain certificates of service.  The Motions are stricken.

In addition, the plaintiff has previously filed five motions for appointment of counsel; this is his sixth.  On July 16, 2014, the district judge denied the plaintiff's fifth motion for appointment of counsel, stating:

> Mr. Harvey has filed motions for the appointment of counsel five
> times. [ECF Nos. 15, 26, 41, 68, 91]. His requests have already
> been denied four times, and at least once on the merits. [ECF Nos.
> 17, 31, 46, 80]. The matter has been decided. The motion is
> therefore denied.

*Order* [Doc. #104].

The plaintiff's request for an expert witness is also redundant.  He requests that the court appoint an expert and order prison officials to pay "the entire costs of the expert."  On June 23, 2014, the plaintiff requested that the court help him find an expert witness and subpoena the expert.  The district judge denied the request and stated that "[i]t is not the proper role of the Court to find or identify expert witnesses. That obligation belongs to the parties."  Id.  The district judge's order notwithstanding, the plaintiff has filed another request for the court to provide him an expert witness.

I find that the plaintiff is engaged in a pattern of abusive conduct.  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

IT IS ORDERED:

(1) The Motions [Docs. ##116, 117, 118, and 119] are STRICKEN;

(2) All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service;

(3) The plaintiff shall cease filing redundant papers; and

(4) Failure to comply with this order will result in sanctions, including dismissal of this case with prejudice.

Dated December 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge