## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01574-RBJ-NYW

NATHANIEL JAMES HARVEY, III,

Plaintiff,

v.

CATHERINE SEGURA, in her individual capacity,

Defendant.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

      This matter is before the Court on Defendant's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment ("Motion to Strike") [#141, filed April 1, 2015] and Defendant's Motion for Extension of Time to Respond to Plaintiff's Cross-Motion for Summary Judgment [#145, filed April 16, 2015]. Also before the court is Plaintiff's Motion Requesting the undersigned Magistrate Judge's Practice Standards ("Motion Requesting Practice Standards") [#142, filed April 13, 2015]. These matters were assigned to this Magistrate Judge pursuant to the Order Referring Case dated November 5, 2013 [#38] and the memorandum dated April 14, 2015 [#143] and April 16, 2015 [#146].

      I will address Plaintiff's Motion Requesting Practice Standards first. I have not yet adopted official practice standards and therefore cannot provide a copy of such to Plaintiff. Plaintiff is advised to fashion any future filings to comply with the Practice Standards established by District Judge Jackson, the presiding Judge in this action.

As for Defendant's Motion to Strike, she asks the court to strike Plaintiff's Cross-Motion for Summary Judgment [#140] on the basis that it consists of a 48-page brief, plus 60 pages of exhibits, plus an attachment of 44 pages [#140-1], for a total of 152 pages.  Furthermore, Defendant argues, Plaintiff did not organize his Cross-Motion to designate a statement of facts, legal standards, or principal argument.

Although Plaintiff as a *pro se* litigant is held to a less stringent reading of his pleadings and papers (*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007)), he must nonetheless follow the same procedural rules that govern all other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that pro se parties must "follow the same rules of procedure that govern other litigants.").  Judge Jackson's Practice Standards state in unequivocal language that motions for summary judgment and responses thereto shall be limited to 20 pages.  RBJ Practice Standards at 2.  Replies to motions for summary judgment shall not exceed 5 pages.  *Id.* ("I really do mean 20 (and 5) total pages.").  The court contemplates allowing additional pages only upon motion and a showing of good cause.  *Id.*

Plaintiff filed his Cross-Motion for Summary Judgment in Judge Jackson's court and is thus bound by Judge Jackson's Practice Standards.  Plaintiff did not adhere to those clearly stated guidelines in drafting his Motion, nor did he seek an extension of the page limit.  Accordingly,

IT IS ORDERED:

1.  Defendant's Motion to Strike [#141] is **GRANTED**;

2.  Plaintiff's Cross-Motion for Summary Judgment [#140] is **STRICKEN** with leave to refile in a form that complies with RBJ Practice Standards on or before **May 18, 2015**;

3.  Defendant's Motion for Extension of Time to Respond to Plaintiff's Cross-Motion for

    Summary Judgment [#145] is **DENIED AS MOOT**; and

4.  Plaintiff's Motion Requesting Practice Standards [#142] is **DENIED**.


Dated: April 17, 2015                          BY THE COURT:


                                               s/Nina Y. Wang_____
                                               United States Magistrate Judge