IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01574-RBJ-BNB

NATHANIEL JAMES HARVEY, III,

> Plaintiff,

v.

CATHERINE SEGURA, in her official and individual capacity and
LT. BRET LANG, (Unit 4), in his official capacity,

> Defendants.

---

## ORDER on SUMMARY JUDGMENT

---

The remaining defendant, Catherine Segura, moves for summary judgment.  ECF No. 156.  The Court referred the motion to United States Magistrate Judge Nina Y. Wang who recommended that the motion be granted.  ECF No. 156.  Mr. Harvey filed a timely objection to the recommendation.  ECF No. 158.  For the reasons set forth herein, the recommendation is accepted, and the motion for summary judgment is granted.

### STANDARD OF REVIEW

This Court must "determine de novo any part of the magistrate judge's disposition [of a dispositive motion] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Summary judgment is appropriate if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56(a).

### FACTS

Mr. Harvey is a practicing Shi'ite Muslim, and as such he wears a skull cap called a kufi during prayer times.  He claims that the defendant, Officer Catherine Segura, confiscated his kufi

on February 12, 2013 while Mr. Harvey was an inmate at the Fremont Correctional Facility of

the Colorado Department of Corrections.  Second Amended Complaint, ECF No. 22, at 4, and

thereby violated the First Amendment by prohibiting his free exercise of religion.  The defendant

does not dispute the sincerity of Mr. Harvey's religious beliefs or his entitlement to wear a kufi.

The defendant claims that Mr. Harvey possessed two kufis, and that it confiscated one of them

pursuant to prison policies.  Mr. Harvey does not claim that he is entitled to have two kufis.

Rather, he states that he only had one kufi, and now he has none.

      Either Mr. Harvey has a kufi or he doesn't.  It would seem that an examination of his

possessions would answer the question, but sometimes common sense takes a back seat in

litigation.  In any event, in support of its motion for summary judgment the defendant produces

the following evidence:

1. An affidavit attesting that Mr. Harvey's intake inventory when he arrived at the
   Fremont Correctional Facility on September 14, 2012 showed that he possessed
   one kufi.  ECF No. 133-10 at ¶12 (Affidavit of Sgt. Jeremiah Hansen).

2. When two officers conducted a "pack-out search" of Mr. Harvey's cell on
   February 12, 2013 they found two kufis.  ECF No. 133-7 at ¶¶7-9 (affidavit of
   Catherine Segura); ECF No. 133-8 at ¶¶7-9 (affidavit of John Marquez).  One kufi
   was confiscated.  *Id.*

3. On February 21, 2013 Mr. Harvey signed a property inventory that listed among
   his possessions one kufi.  ECF No. 133-5 at 2-3.

4. Mr. Harvey remained in the Fremont facility until June 25, 2013.  During that
   time he did not attempt to purchase a kufi from the canteen; there is no record of
   his requesting a donation of a kufi from the Faith and Citizen Coordinator; and he

did not attempt to purchase a kufi from a CDOC recognized vendor.  ECF No. 133-10 at ¶17.

5. When Mr. Harvey was transferred out of the Fremont facility on June 25, 2013 an inventory of his property again showed one kufi.  ECF No. 133-6 at 2.  Mr. Harvey signed that inventory as well.  *Id.* at 3.

Mr. Harvey filed what the Court deemed to be a timely request for an extension of time to file a "motion for cross summary judgment."  ECF No. 136.  The deadline was extended to March 27, 2015.  ECF No. 137.  On March 30, 2015 Mr. Harvey filed a timely cross-motion for summary judgment.  ECF No. 140.  It was 48 handwritten pages in length and was accompanied by an additional 104 pages of exhibits.

The parties' motions for summary judgment were referred to Magistrate Judge Wang. On April 17, 2015 Judge Wang issued a written order striking Mr. Harvey's cross-motion.  ECF No. 147.  She acknowledged that pro se papers are held to a less stringent standard.  However, she found that the document did not comply with this Court's Practice Standards, which limit summary judgment motions and responses to 20 pages unless good cause for a longer motion is shown, and that the motion was not organized to designate a statement of facts, legal statements or principal argument.  Judge Wang granted Mr. Harvey leave to refile the document in a complying form no later than May 18, 2015.

Mr. Harvey did file what he labeled a "Cross Summary Judgment Motion."  ECF No. 148.  It was placed in inmate mail on May 13, 2015 and entered into the Court's system on May 18, 2015.  However, despite its title, it was not a cross-motion for summary judgment or a

response to the defendant's motion.  Rather, it was a notice that his current address was at the Colorado State Penitentiary.  *Id*.[1]

Mr. Harvey never filed an actual cross-motion for summary judgment that complied with the requirements of the Practice Standards or with the requirements of D.C.COLO.LCivR (local rule) 56.1.  Nor did he ever file any other form of response to the defendant's motion for summary judgment.

On August 10, 2015 the magistrate judge issued her recommendation that the defendant's motion for summary judgment be granted.  ECF No. 156.  Mr. Harvey then filed his objection to the recommendation.  ECF No. 158.  He indicated that he wished "to establish a general objection placing the District Court on notice of the basis for the objection to preserve the objection for de novo review." *Id.* at 1.  However, the only specific objection he noted was to the magistrate judge's statement in her recommendation order [ECF No. 156 at 7] that "[b]ecause Mr. Harvey did not file a Response to Defendant Segura's Motion for Summary Judgment, this court deems the properly supported facts offered by defendant as true."  Mr. Harvey claims that he did not receive the magistrate judge's earlier order striking his cross-motion for summary judgment and permitting him to refile it.  *Id.* at 2.  He asks this Court to "vacate" the recommendation and to permit him to file a cross-motion for summary judgment that complies with the Practice Standards.  *Id* at 3.

I don't know whether or not Mr. Harvey received the order striking his cross-motion and permitting him to refile it.  I cannot tell from the file what address was used for service of that order on him.  Two days before that order was issued the court received Mr. Harvey's notice of a

---

[1] Mr. Harvey filed a notice of change of address to the Colorado State Penitentiary address on November 1, 2013.  ECF No.34.  It appears from my review of the file that he remained at this address at least until April 12, 2015 when he placed in inmate mail a notice of change of address to the Sterling Correctional Facility.  ECF No. 144.  Then on May 13, 2015 he filed the purported Cross Motion that was actually a notice that his current address was once again the Colorado State Penitentiary Address.  ECF No. 148.

change of address to the Sterling facility.  On the very day a complying cross-motion or other response to the defendant's motion was due (just over a month after the previous notice of change of address) the court received what was labeled as a cross-motion for summary judgment but was actually a notice changing his address back to the Colorado State Penitentiary where he had been since November 2013.  *Supra* at 3, n.1.  If the order was not sent to his actual address Mr. Harvey might have himself to blame.  In any event, I decline to extend what is essentially a needless briefing process any further.

Instead, I have gone back to his stricken (but still in the file) cross-motion and waded through it to see if I could find something in the 152 pages that contains evidence relevant to the question whether his only kufi, as opposed to one of his two kufis, was confiscated at the Fremont facility on February 12, 2013.  He asserts in that document that a black kufi was confiscated by defendant Segura on February 12, 2013, and that it was his only kufi.  ECF No. 140 at 2.  In substance, however, that amounts to a reiteration of what he alleged in his Second Amended Complaint.  A plaintiff must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000).  I found nothing in his cross-motion or his exhibits that refuted the fact that on two occasions after the confiscation date Mr. Harvey signed off on lists of his property that included one kufi.  If there was evidence in his document that created a genuine dispute of material fact as to whether the defendant confiscated his only kufi it was obscured by the sheer volume of irrelevant stuff.

## CONCLUSION

The plaintiff has not demonstrated, even in his pleading that was stricken, the existence of a genuine dispute of material fact as to whether the kufi that was confiscated on February 12, 2013 was his only kufi.  The evidence submitted by the defendant, which has not been effectively disputed, is that only a second or "extra" kufi was confiscated.  The Court finds, after a de novo review, that the magistrate judge's recommendation was thorough, thoughtful and correct.

Accordingly, the Court accepts the recommendation and grants the pending motion. However, as part of its order and judgment, and subject to whatever prison policies on searches of inmate property might exist, the Court orders the defendant, or a designee, to conduct a search of the items of personal property in Mr. Harvey's possession to determine whether his property includes a kufi.  It there is no kufi in his property, the Court orders the defendant, or a designee, to supply him with a kufi.  If he already has a kufi, then the Court directs the defendant to so inform the Court, and the Court will consider what sanction, if any, is appropriate for the maintenance of frivolous litigation.

## ORDER

1.  The recommendation of the magistrate judge, ECF No. 156, is accepted and adopted.

2.  The motion for summary judgment, ECF No. 133, is granted.  Judgment will enter in favor of the defendant, Catherine Segura, and against the plaintiff, Nathaniel James Harvey, III, dismissing this civil action with prejudice.

3.  The Court finds that the defendant is the prevailing party and awards costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

4.   The Court requests that the Clerk of Court's office serve the plaintiff at both his Sterling [ECF No. 144] and Colorado State Penitentiary [ECF No. 148] addresses.

DATED this 17th day of September, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge